## M'Gee *against* The Northumberland Bank.

The interpretation of a paper as to its legal effect belongs to the court, but as evidence of a fact it belongs to the jury. Hence, the facts stated in a protest by a notary public are, like any other evidence, to be interpreted by the jury.

ERROR to the common pleas of *Perry* county.

This was an action by the Northumberland Bank against Rody M'Gee, on his indorsement of a note drawn to his order by Peter Ritner for 600 dollars, payable at the bank.

Plaintiff gave in evidence the note, and the notary's certificate of protest, which stated that he demanded payment at the bank, and received for answer, "that no provision was made there for payment thereof, whereof I gave notice in writing to the indorser of said note." Tested at Northumberland, November 10, 1832.

Defendant called witnesses, viz:

George Thorp, sworn.—R. M'Gee resided at Mr Ritner's, in this county, in November 1832, about twenty miles from Northumberland.

William Montgomery, sworn.—Rody M'Gee lived at Ritner's in

the fall of November, 1832. Had his constant residence there. Was not absent as this witness knows.

Cross-examined.—Witness lives two or three miles from Ritner's.

Defendant's counsel prayed the court to charge the jury, " That inasmuch as the notary has certified that he gave notice to the indorsee, and at Northumberland, it cannot be taken to have been by mail, but must be strictly construed, being at best *ex parte* evidence. And if the jury believe from the testimony of the witnesses, that such was not the fact, and that Mr M'Gee was not at Northumberland, and consequently that such notice was not given to him, the plaintiff cannot recover."

Reed, President. We are not required to decide whether notice was given at Northumberland or at defendant's place of residence; whether by mail or actual delivery. The notary's certificate indicates that notice in writing was actually given to the defendant. This is only *prima facie* proof of the fact; but it is good until the contrary is proved. Any proof to the jury, that notice was not given as certified, would counteract the effect of the certificate; and it is for the jury to decide, as a question of fact, whether such evidence be given or not. The court does not decide it. We think the evidence on the part of the plaintiff sufficient to sustain the suit, and we cannot see how it is repelled by the proof on part of the defendant.

Error assigned.

The court erred in the charge as given, and in not answering defendant's point as requested.

*Alexander*, for plaintiff in error.
*Watts*, contra. Stopped by the court.

PER CURIAM.—The interpretation of a paper as to its legal effect, which belongs to the court, is not to be confounded with its interpretation as evidence of a fact, which belongs to the jury. Such is the principle of Sidwell *v.* Evans, 1 *Penns. Rep.* 383. That was the case of a deposition; but is not the protest of a notary, like a deposition, substituted for oral testimony delivered at the bar. It is but the testimony of a witness still; and its having been put upon paper, not more for the sake of convenience than necessity, cannot change its properties or its nature. Had the notary testified in person, as he might, that he had given notice at Northumberland, no one would pretend it to be the province of the court to say whether he meant that he had given it through the post-office, or that the party was present to receive it. His meaning would be for the jury, and so it must be in respect to what he testifies under the sanction of an official, instead of a judicial, oath.

Judgment affirmed.