# Morley Auto Company *v.* Pittsburg Machine Tool Company, Appellant.

*Contract—Sale—Delay in delivery—Cancellation—Written and oral evidence—Case for jury.*

In an action to recover hand money paid on account of the purchase price of an automobile truck which was to have been delivered by the defendant to the plaintiff at the end of four weeks from the time the order was given, the case is for the jury, where it appears from the oral and written evidence that the truck was not delivered at the expiration of the four weeks; that thereafter the plaintiff made a number of demands for delivery, and finally wrote that if the truck was not delivered at the end of eight days the order would be canceled; and that one month after this letter was written the contract was canceled in writing on the ground that plaintiff's purchaser had notified him that he would not take the truck on account of the delay. In such a case where the plaintiff puts in evidence the reasons of the delay, such as strikes and other causes, the court is not bound to construe the written cancellation as though it stood alone. It is justified in referring all of the oral and written evidence to the jury.

Argued April 22, 1913.   Appeal, No. 97, April T., 1913, by defendant, from judgment of C. P. No. 4, Allegheny Co., Second Term, 1909, No. 866, on verdict for plaintiff in case of Morley Auto Company v. Pitts-

224   MORLEY AUTO CO. *v.* PITTSBURG CO., Appellant.

Statement of Facts—Charge of Court below.   [54 Pa. Superior Ct.

burg Machine Tool Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit to recover a hand payment of $900, made on account of an automobile truck which was to be delivered to plaintiff.   Before FORD, J.

At the trial the court charged in part as follows:

The fact that a strike occurred in the defendant's plant would not excuse performance of its express contract.   The defendant agreed to deliver the machine within a certain time.   The contract was not made subject to strikes or other contingencies beyond its control.   The plaintiff had inquired concerning the shortest time for delivery.   The defendant had fixed it as within four weeks.   At the end of that period, on default of the defendant, the plaintiff had a right to cancel the order and demand a return of the deposit. If, after the default, the plaintiff elected to treat the contract as still in force and relieve the defendant from performance according to its terms, then the plaintiff could not thereafter cancel the contract without first notifying the defendant to deliver within a reasonable time.

The plaintiff admits that the contract was not canceled immediately upon the expiration of four weeks, but claims it was canceled and demand made for the return of the deposit of July 12.   That at no time did they relieve the defendant from its obligations under the contract, but that after the expiration of the four weeks, and until some time prior to July 12, the defendant had repeatedly promised shipment within fixed times, and that relying on such promises it gave the defendant shipping directions, and was willing to accept the machine if shipped as promised in defendant's letters and telegrams. [4]

It is admitted that plaintiff ordered the truck for a

resale to one of its customers, and that the customer canceled the order by reason of the delay. If the defendant promised to ship within a definite time, and acting on the faith of such promise the plaintiff refrained from enforcing its right to cancel the contract, this would not thereby relieve the defendant from its contract to perform within a certain time. If the defendant failed to deliver within the time agreed on, then the plaintiff had the right to cancel the contract; that is, if the defendant fixed a time, say two weeks, in which it promised to deliver the machine, and it failed to deliver the machine within that two weeks, then the plaintiff would have a right to rescind and cancel the contract.

The defendant contends that the plaintiff excused the delay, relieved them from performance, and that the machine was completed as rapidly as possible under the circumstances. The letters and telegrams relating to this matter are in evidence, and have been read to you. Does it appear from them that the plaintiff relieved the defendant of its duty to deliver within four weeks, as claimed by the defendant; or does it appear that defendant was promising to ship the machine within certain times, and the plaintiff was satisfied if shipped as promised?

On May 9, after the men had gone out on a strike, the defendant sent a telegram, in part reading: "We will try to ship in two weeks," and on June 11, they write, among other things, "We cannot say at the present writing just what day we will ship the truck." On June 11, the plaintiff telegraphed, "Our customer has positively instructed us to cancel his order, if the car has not been shipped by the 17th inst," and on June 18, defendant wrote as follows: "It will be about a week before it will be shipped," referring to the car, and says, "they will not consent to a cancellation of the order."

You will consider the entire correspondence, and the telegrams in evidence. Not only the parts I have quoted, but the entire telegrams and the correspondence

in evidence, and if you find that the plaintiff waived performance by defendant of its promise to deliver the machine within four weeks, and by reason of the plaintiff's conduct the defendant was put to the expense of completing the manufacture of the machine, and you further find that the plaintiff having relieved the defendant from performance without first notifying defendant to perform within a reasonable time, sought to cancel the order, and that the machine was completed and tendered the plaintiff, then the plaintiff is not entitled to recover, and your verdict should be for the defendant.

If you find that the plaintiff did not relieve the defendant from its promise to deliver within four weeks, and that the contract was not canceled by reason of defendant's promise to complete and deliver the machine within a certain period, and that the defendant failed to deliver within such time, and you further find that the plaintiff canceled the order and demanded the return of the deposit, then the plaintiff is entitled to recover, and your verdict should be for the plaintiff in the sum of $900, with interest from March 26, 1907. [5]

Defendant presented these points:

2. The correspondence in evidence between the plaintiff and defendant showed that plaintiff did not do this, but by frequently requesting from time to time after the expiration of four weeks, the delivery by the defendant of the truck in question, thereby waived the provision in the contract as to time of delivery, and thereafter could not cancel said contract by reason of its failure to deliver the truck within the said period of four weeks. *Answer:* This point is refused, it requiring a construction to be placed upon the correspondence, which is for you. [1]

3. Plaintiff, having thus waived the time of delivery as specified in the agreement, could not thereafter cancel that agreement without reasonable notice to the defendant of the time at which the contract would be

canceled unless delivery was made in the meantime. *Answer:* This point as stated is refused. If you find under the evidence that the plaintiff waived the time of delivery as specified in the agreement, the plaintiff could not thereafter cancel said agreement without reasonable notice to the defendant of the time at which the contract would be canceled unless delivery was made in the meantime. [2]

4. Plaintiff, having claimed that defendant was notified on July 12, 1907, that it would not receive said truck owing to the delay of defendant in delivery, I say to you, as a matter of law, that the said letter of July 12, 1907, with its inclosure, did not legally constitute a cancellation of said contract. *Answer:* This point is refused. [3]

Verdict and judgment for plaintiff for $1,156.50. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*W. H. S. Thomson,* with him *Frank Thomson,* for appellant.

*John G. Frazer,* with him *Reed, Smith, Shaw & Beal,* for appellee.—The question of cancellation was for the jury: Franklinville Canning Co. v. Pittsburg, etc., Supply Co., 51 Pa. Superior Ct. 582.

OPINION BY HENDERSON, J., July 16, 1913:

It is admitted that the defendant's obligation was to deliver to the plaintiff an automobile truck at the end of four weeks from March 25, 1907, and that the machine was not ready for shipment until the first week in August. A strike in the defendant's shop was given as an explanation of the delay. Correspondence between the parties shows that on six or seven different dates the defendant promised to have the work completed in a short time or at a date stated in the near future and that no one of

these promises was complied with. The defendant knew that the machine was ordered for a customer of the plaintiff's and the specifications as to construction were made to meet the requirements of that customer. After repeated promises and delays the plaintiff informed the defendant by letter dated June 11, 1907, that its customer had given positive instructions to cancel the order for the car unless it could be shipped by the seventeenth of that month. On the same date the defendant wrote to the plaintiff that the machine was being tested and was about ready to be shipped but that the body which they were having made by another manufacturer had not yet arrived and on the eighteenth of the same month the defendant wrote that it would be shipped in about a week. On July 11 the company for which the plaintiff ordered the car canceled the order for the reason that it had not been furnished according to agreement and no information could be obtained as to the time when it would be furnished. A copy of this letter was sent by the plaintiff to the defendant under date of July 12. The action was brought to recover a hand payment of $900, made by the plaintiff at the time the order was given. The court submitted to the jury the question whether the plaintiff canceled the order and this direction is excepted to in the assignments of error. The appellant's contention is that the plaintiff's letter of July 12 and the inclosed notice from the proposed purchaser was not a cancellation, that notice of an intended cancellation should have been given to the defendant and that the court should have instructed the jury that a cancellation was not effected. The principal part of the evidence was made up of letters and telegrams passing between the parties but a part of it was in parol, witnesses having been called by the defendant to show the circumstances which caused the delay in completing the truck. The evidence puts the case in that class in which matters of fact depending on oral testimony are connected with, and necessary to, a proper understanding of the written

evidence, in which cases the court is not bound to construe a writing as though it stood alone.    Illustrations of the application of the principle are found in Sidwell v. Evans, 1 P. & W. 383; McGee v. Northumberland Bank, 5 Watts, 32; Home B. & L. Assn. v. Kilpatrick, 140 Pa. 405, and Winters v. Schmitz, 36 Pa. Superior Ct. 497. Extrinsic circumstances are sometimes so connected with a writing as to make it necessary to submit all of the evidence to the jury.    It is clear from the oral evidence and the correspondence that the defendant desired more time and induced the plaintiff to expect that the truck would be promptly delivered although not at the time stipulated in the contract.    The action of the plaintiff in delaying to cancel cannot be regarded as a waiver of the right to cancel for default.    It was an indulgence to the defendant growing out of the latter's repeated promises to perform at the times indicated.    If the plaintiff forebore to rescind it it is not to be charged with a waiver merely because it relied on the promises which the defendant so often made and which were made for the purpose of stimulating the patience of the plaintiff.    When the correspondence is considered in connection with the oral testimony there is room for supposing that the jury may have concluded there was no reason for the belief expressed by the defendant that the car would be delivered at the times specified.    The inconsistencies in the evidence as to the number of men at work in the defendant's shop and the fact that the part which seems to have caused the greatest delay was made at another factory may have led the jury to believe that the promises were made to hold the contract without due regard for the time of performance.    The delay was not highly important to the plaintiff as long as its customer was willing to take the machine, but when the latter canceled his contract the plaintiff had no place to dispose of it.    The time to serve the notice of cancellation was when the plaintiff lost the purchaser.    The letter of the plaintiff of June 11 informed the defendant that its customer had given notice to can-

cel his order if the car was not shipped by June 17.   There was ample warning, therefore, of the importance of promptness and that a cancellation of the order was imminent.   It was a month later when the notice of cancellation was actually sent and the truck was then not ready for shipment.   There is nothing in the evidence to show that anything was done by the defendants after the plaintiff's letter of July 12, 1907, and we do not regard the telegram of July 23, inquiring when the defendant would ship the truck as important.   No answer was sent to that telegram and the inquiry was probably made for the purpose of obtaining information to be used in an effort to induce the customer to reconsider the order of cancellation.   A consideration of the whole case leads us to the conclusion that the question was one for the jury and properly submitted.

The assignments are overruled and the judgment affirmed.